This bill was filed to obtain an injunction against the present defendant, to prevent his getting interest on a bond debt, during the Avar witli Great Britain, on the ground that the debt being due to a British subject, interest ought not be alloAved to run during the interruption of the intercourse, and when the funds and revenues of the debtors to British subjects were cut off or diminished by the acts of that government and its armies.
An-injunction had been granted in the first instance* The casc/was fully argued, and the court took time to consider the question. The court delivered its opinion as folloAvs:
There are two questions in the case — 1st, Whether the circumstances of it are such as will distinguish it from the general question, whether interest is to be alloAved on any debt due from a citizen of the United States, to a subject of Great Britain during the Avar: And, 2dly, Whether interest ought to he allowed in the present case. This being a bond debt, given in this state, on which large sums have been paid during the Avar; and the defendant during the whole of that time having an attorney on the spot, certainly renders this case distinguishable from simple contract debts. It being a specialty, it speaks for it *195 self, and will admit of no dispute if fairly obtained; and that it was so, is admitted. On the present occasion we are throw n into an entire new situation; heretofore we have had the general law of the land for our guide in all our decisions; but that we are now altogether deprived of; ,,. . . „ . , , . . as there is no case in any of the books that is m any wise analogous to the one now before us, and the only ride by which we can be at all directed, is the treaty of peace between the United States and Great Britain. One of the articles in that treaty declares, that no interruption shall be given to the recovery of just and bona fide debts on either part. That this is such a debt, is not disputed: But it is contended, that there was a period during which interest ought not to be allowed, although on the face of the bond it is the mutual agreement of the parties that it should. This court has taken a very unusual length of time to consider this question; and although frequently called upon for a decree, we have declined it, in hopes some new light might be thrown on the subject, by which we might be enabled to tread on some firm ground, in this new and by us untrodden path. Tills light has been afforded us, from-a quarter that we are persuaded would never lead us astray. The authority is so high, and so truly respectable, that We candidly confess, our have been so much swayed by it, that howeven^l'e : A-®-£) | have heretofore doubted, these doubts are nc^v ^víioved. The determination we allude to is that of tlX chief \ tice of the United States, in a case in the state -r I ticut, on the 30th of April, in the present year>nvher<itjfo^N^ / chief justice event so far as to say, that althougo^tlrc law of Connecticut enabled their state courts to dediictTfttC^5^ rest on bonds due from citizens of the United States to British subjects during the war, yet that such law was an infringement of the treaty of peace; and as upon common law principles, interest was recoverable, he adjudged it should be so in the case then before him. As the case now before us is also a bond debt, as there has been no impediment of any kind thrown in the way of the recovery of interest on such contracts, by the legislature of this state, on the contrary, they have always studiously *196 avoided intermeddling- in this question, — we think oiir-selves bound to adopt the opinion of a judge of great and extensive law knowledge, who is directed in his judgment by the same laws wo arc, and that we might also preserve a uniformity of decisions on the same qucstioris. If then hé decided even against a law of the state in which the cause was tried, and in support of the treaty of peace, how can we do otherwise where our legislature have clio-sen to be silent on the subject, and when we are equally with him bound by the articles of peace in our decisions? On the whole we are therefore of opinion* on the authority of the decision we have referred to, and on the best judgment’we have been able to form of the case now before us, that we ought not to grant the prayer' of the complainant’s bill, hut that the injunction ought to be dissolved.
*195 JULY. 1791.
*196 It is accordingly decreed, that the complainant’s hill he dismissed with costs. — Injunction dissolved.